FILED
United States Court of Appeals
Tenth Circuit

November 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT DIBARTOLOMEO,

     Petitioner - Appellant,

v.

ROBERT O. LAMPERT, director,
Wyoming Department of Corrections,

     Respondent - Appellee.

No. 12-8054
(D.C. No. 2:11-CV-00380-CAB)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Robert DiBartolomeo, a Wyoming state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

---

   [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

   [1] Because Mr. DiBartolomeo is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

U.S.C. § 2254 petition for writ of habeas corpus.[2] Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. DiBartolomeo's application for a COA and dismiss this matter.

On December 14, 2006, Mr. DiBartolomeo pled guilty to three counts of grand larceny in violation of Wyo. Stat. § 6-3-402(a), and one count of forgery in violation of Wyo. Stat. § 6-3-602(a). On February 8, 2007, he was sentenced to consecutive prison terms of five to seven years for each count. Mr. DiBartolomeo did not file a direct appeal.

Between 2009 and 2011, Mr. DiBartolomeo sought post-conviction relief in various Wyoming state courts. All of his state habeas corpus petitions were denied, and the Wyoming Supreme Court denied his motion for writ of certiorari to review his habeas petition on March 8, 2011.

On December 20, 2011, Mr. DiBartolomeo filed his § 2254 petition in the U.S. District Court for the District of Wyoming. The federal district court denied his petition as time-barred under the one-year statute of limitations applicable to federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). It concluded that Mr. DiBartolomeo's one-year period commenced on March 12, 2007, the last day he could have filed a direct appeal from his convictions and sentence to the Wyoming Supreme Court. Thus, the last day that Mr. DiBartolomeo could have filed his § 2254 petition was March 12, 2008.

---

[2] Although Mr. DiBartolomeo did not file a separate application for a COA, we deem his notice of appeal a renewed application for a COA, pursuant to Fed. R. App. P. 22(b).

The district court recognized that, under § 2244(d)(2), the one-year limitations period could have been tolled by Mr. DiBartolomeo's state post-conviction proceedings. But it declined to apply tolling because Mr. DiBartolomeo provided no evidence that he had filed a state post-conviction petition before March 12, 2008. Even assuming Mr. DiBartolomeo had met that deadline, the court explained, he still failed to file his § 2254 petition within one year of the first denial of his state habeas corpus petition, which occurred April 21, 2009. The court also did not apply equitable tolling because Mr. DiBartolomeo did not request or argue for equitable tolling.

Mr. DiBartolomeo now seeks a COA to challenge the district court's dismissal of his § 2254 petition. A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a habeas petition on procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations to bring habeas petitions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitations period typically begins running on "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

As the district court noted, Mr. DiBartolomeo was sentenced on February 8, 2007, and had until March 12, 2007, to file a direct appeal. *See* Wyo. R. App. P. 2.01 (requiring the filing of a notice of appeal within 30 days of the entry of an appealable order). Thus, Mr. DiBartolomeo's one-year limitations period expired on March 12, 2008.

Mr. DiBartolomeo has not met his burden of establishing that jurists of reason would find the correctness of the district court's procedural ruling debatable. He has not disputed the district court's ruling that he failed to provide evidence that the filing of a state habeas petition tolled the limitations period. He also fails to dispute the district court's determination that he did not raise or argue equitable tolling.

Because Mr. DiBartolomeo has failed to show that jurists of reason would debate the district court's ruling that his § 2254 petition is time-barred, we deny Mr. DiBartolomeo's application for a COA and dismiss this matter. We also deny his request to proceed *in forma pauperis.*

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-4-